In the Matter of ST. CLARE's HOSPITAL, Appellant, *v.* MARSH BRESLIN, as Commissioner of Welfare of Albany County, Respondent.

Third Department, November 16, 1961.

*Tillott & La Fleche (Jacob M. Frankel* of counsel), for appellant.

*John H. Pennock (John J. Clyne* of counsel), for respondent.

*Per Curiam.* This is an appeal in an article 78 proceeding from a decision of Special Term which affirmed the determination of the Albany County Welfare Commissioner denying payment of hospital bills for an alleged medically indigent person. There was no hearing.

The petition alleged that St. Clare's Hospital in the City of Schenectady was a charitable, nonprofit organization and on June 25, 1960, one Pearl Schoonmaker was admitted as an emergency patient and within the prescribed time the petitioner sent a request for payment to the Albany County Welfare Department alleging the patient was unable to pay the hospital bill of $393 and was medically indigent. She was again admitted on July 23, 1960 as an emergency patient and again the necessary request for reimbursement was sent by the hospital to the Albany County Welfare Department with the same allegation of inability to pay the bill amounting to $675.36.

Section 187 of the Social Welfare Law, so far as pertinent here, requires when a patient is admitted in an emergency without prior authorization from the Public Welfare Department that notice of admission and request for reimbursement shall be given such department within 48 hours. There is no issue here as to the petitioner's compliance with the mandate of the statute and the Commissioner in an affidavit stated that following her admission on June 25, 1960 an investigation was made by

his department concerning the financial ability of the patient to pay the hospital charges. An undated letter was subsequently addressed to the petitioner herein denying "Your application" for public assistance for the reason "W shows budget surplus sufficient to make small monthly payments direct to the Hospital Business Office." We are unable to determine whether the letter referred to the first request, the second request or both.

Before considering the merits, we address ourselves to the procedural situation. The motion, based on the petition, was returnable on December 23, 1960 and no answer was served or filed nor was any objection in point of law raised pursuant to section 1293 of the Civil Practice Act. These are the only means provided under article 78 for meeting the petition. The Commissioner in this action filed an affidavit in opposition to the motion so that as the matter came before the Special Term, the defendant respondent was in default. Special Term, however, considered the matter on its merits, apparently having elected to treat the answering affidavit as an answer.

This court has previously held that an affidavit on behalf of respondent may be considered as an answer to the petition but where the petitioner states a prima facie case, there must be more than conclusory statements in the answer to justify a summary disposition of the proceedings. (*Matter of Gardiner* v. *Harnett*, 255 App. Div. 106; *Matter of St. Joseph's Hosp.* v. *Woloson*, 7 A D 2d 696; *Matter of Berlingieri* v. *O'Connell*, 3 A D 2d 762.)

The answering affidavit of the Commissioner does not deny that the patient was a medically indigent person, the issue in this proceeding, but states that the investigation revealed that the patient lived with her husband and three school-age children in a house owned by her father-in-law, who charged no rent and shared in the food costs. It further disclosed that the patient's husband received $57 per week, which was the only evidence of any income.

We are of the opinion that the affidavit of the Commissioner does not meet the issue as to the patient's status and cannot therefore be considered an answer to the petition. If, however, we were to consider the merits, the order would likewise have to be reversed. The mere recital in the affidavit of the Commissioner as to the family's economic status does not admit either directly or by implication of the husband's financial ability to pay a substantial hospital bill and it was not a sufficient basis for the determination by the Commissioner. The record is void of any evidence by which his action can be properly appraised on this appeal.

Having in mind the prior decisions referred to herein (*Matter of Gardiner* v. *Harnett*; *Matter of St. Joseph's Hosp.* v. *Woloson*; *Matter of Berlingieri* v. *O'Connell*) we deem it necessary to call attention to the requirements of a review under article 78 that an answer be interposed to the petition or a motion addressed to it be made in conformity with section 1293 of the Civil Practice Act. To make a proper determination, the court must have sufficient evidence as to the issues raised. The affidavit here alleges that an investigation has been made and the assertion that the husband is financially able to pay the charges is a mere conclusion without factual substantiation. The issue of arbitrariness cannot be reached or decided based upon conclusions, but the factual reasons for the decision must be sufficiently set forth so that the court may be able to decide whether the determination is proper, arbitrary, capricious or unreasonable. It is not possible to make such a finding on this present record.

The order of Special Term should be reversed with permission to the Commissioner to answer or otherwise plead within 10 days of the entry of the order of reversal and upon his failure to do so, the entry of an order by default in favor of the petitioner, with costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order of Special Term reversed, with permission to the Commissioner to answer or otherwise plead within 10 days of the entry of the order of reversal, and upon his failure to do so, the entry of an order by default in favor of the petitioner, with $10 costs.