NAVAJO NATION, Plaintiff, v.

EDITH TSOSIE, Defendant.

Honorable Tom Tso, Judge presiding.

Upon the motion of the defendant to dismiss the charges of battery and endangering the welfare of a minor, and upon the agreement of the Navajo Nation that such charges should be dismissed, it appears to the court that given the defendant's age and lack of a prior record, coupled with her prior suffering due to having to defend these charges, they should be dismissed. The charges will not be dismissed in the interests of justice.

The defendant was charged on March 17, 1981. April 20, 1981 dawned with a flurry of paperwork from the defendant, some of which was justifiable and some of which was unusual. There were:

-A waiver of arraignment and written plea;
-A motion for release on personal recognizance;
-Demand for jury trial;
-Demand for a preliminary hearing;
-A Notice to Produce directed to the prosecutor;
-A Notice to Examine, also directed to the prosecutor;
-A motion for a bill of particulars; and
-A motion to dismiss for lack of jurisdiction.

It should be noted that counsel for the defendant could have saved time and his client could have saved money by simply orally presenting her plea and motions for release and jury trial in open court, as is normally done. The demand for a preliminary hearing was of no avail since that is not provided for in our rules. We proceed simply on the complaint and not upon a hearing establishing probable cause. That normally is done in states where a minor court binds individuals over to a higher court following the probable cause determination.

The notices to produce and examine were quite clearly improper. Counsel for the defendant knows or should know that Rule 12 of the Rules of Criminal Procedure is the only method available for discovery. The rule clearly requires a motion and a showing that the items sought may be material to the defense and are reasonable. We do not have the Federal Rules of Civil Procedure which provide for a simple demand for matters sought to be discovered, and the prosecutor quite properly ignored the discovery notices. The defendant did not follow up on those discovery notices, making them a waste of time and effort.

There is another interesting point about this case in that the defendant made a motion for a bill of particulars under Disciplinary Rule 7-102 of the Code of Professional Responsibility of the American Bar Association. While that rule does apply to the conduct of Navajo Nation Bar Association members due to the adoption of the ABA code, the provision does not apply to what the defendant asked for, a bill of particulars. While bills of particulars are normally not entertained by this court, there could be proper instances where they should be granted. However the legal considerations would be fairness to the defendant and the need of the particular case.

There is another matter in consideration here. At one point the prosecution agreed to a deferral of prosecution for a 90 day period of time. At the end of that time, depending on the conduct of the defendant, the charges against her would be dropped. (The prosecution would do this by the old criminal procedure of nolle prosecui - "I choose not to prosecute"). The arrangement was made, and counsel for the defendant was to file a written agreement on the matter with the court. There is a dispute as to this with the counsel for the defendant claiming he made attempts to file the agreement, and counsel for the prosecution disagreeing. The court made an inquiry with its staff on this matter and comes to the conclusion there was no such attempt to file the agreement.

Finally we have before the court a long and rambling motion for judgment, which the court will grant as indicated above.

This court simply reflects on the fact there is a thick court file before it containing matters which are unnecessary, improper of inaccurate. This smacks of bad-faith pleading on the part of the defendant. See Boe v. Fort Belknap Indian Community, 455 F. Supp. 462 (D. Mont. 1978). It also smacks of pettifoggery, which will not be tolerated. The charges against the defendant are dismissed partly due to the suffering she has had because of the proceedings in this case, and certainly the fooling around concerning getting the deferred prosecution agreement filed and the charge dismissed against the defendant prolonged that suffering.