■ In the Matter of JAMES W. RANSOM et al., Respondents, v ST. REGIS MOHAWK EDUCATION AND COMMUNITY FUND, INC., et al., Appellants.—Crew III, J.

Petitioners are members of the St. Regis Mohawk Tribe. Respondent St. Regis Mohawk Education and Community Fund, Inc. (hereinafter the Fund) is a not-for-profit corporation organized to provide education and health services to Mohawk Indians. Respondents David Jacobs, Norman Tarbell and Lincoln C. White are directors of the Fund as well as the three elected Tribal Chiefs of the Mohawk Tribe. This CPLR article 78 proceeding was commenced to challenge petitioners' dismissal from employment with the Fund. Petitioners claimed that they were dismissed without compliance with the applicable provisions of the personnel policy and procedural manual of the Fund.

Respondents did not answer, but instead served affidavits in opposition to the petition together with a memorandum of law in which they claimed that petitioners were employees of the Tribe, not the Fund, and that the proceeding was thereby barred by tribal sovereign immunity *(see, Santa Clara Pueblo v Martinez,* 436 US 49). Petitioners served a memorandum of law in opposition, together with their attorney's affidavit and a number of exhibits, which they claimed demonstrated that they were employees of the Fund and that the latter did not enjoy sovereign immunity. Finally, respondents submitted another affidavit in support of their claim that even if petitioners were found to be employees of the Fund, tribal sovereign immunity still applied because the Fund is an instrumen-

tality or agency of the Tribe (see, Boe v Fort Belknap Indian Community, 455 F Supp 462, affd 642 F2d 276).

Supreme Court apparently treated respondents' affidavits as an answer because it resolved the proceeding on the merits, rejecting respondents' claim of sovereign immunity and directing that petitioners be reinstated with back pay as sought in the petition. We reverse.

While an affidavit submitted on behalf of a respondent may be considered by the court as an answer to the petition (see, Matter of St. Clare's Hosp. v Breslin, 14 AD2d 380), the conflicting factual assertions here between the petition, the answering affidavits, petitioners' reply affidavit and respondents' surreply affidavit preclude a summary determination on the merits (cf., Matter of Gardiner v Harnett, 255 App Div 106). There is a factual dispute as to whether petitioners were employees of the Tribe or the Fund and, if the latter, whether the Fund enjoyed sovereign immunity barring this proceeding; the matter must therefore be tried.

Mikoll, Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.