■ In the Matter of JAMES W. RANSOM et al., Respondents, v ST. REGIS MOHAWK EDUCATION AND COMMUNITY FUND, INC., et al., Appellants. [611 NYS2d 935] —Mercure, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered May 24, 1993 in Franklin County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondents to reinstate petitioners to their previous employment status with respondent St. Regis Mohawk Education and Community Fund, Inc.

As set forth in our memorandum on a previous appeal (179

AD2d 860), petitioners are members of the St. Regis Mohawk Tribe. They brought this proceeding to challenge their dismissal from respondent St. Regis Mohawk Education and Community Fund, Inc. (hereinafter the Fund), a not-for-profit corporation organized to provide education and health services to Mohawk Indians. At that time, we remitted the matter to Supreme Court for resolution of factual issues as to whether (1) petitioners were employed by the Fund or, as asserted by respondents, the Tribe, and (2) if petitioners were employed by the Fund, whether it enjoyed sovereign immunity barring this proceeding *(supra,* at 861). Following a hearing, Supreme Court determined, *inter alia,* that petitioners were Fund employees and that the Fund did not enjoy sovereign immunity. Respondents appeal.

We reverse. Indian Tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers *(Santa Clara Pueblo v Martinez,* 436 US 49, 58; *Weeks Constr. v Oglala Sioux Hous. Auth.,* 797 F2d 668, 670). Even accepting Supreme Court's factual determination that petitioners were technically employed by the Fund rather than the Tribe, we agree with respondents that, as an arm of tribal government, the Fund possesses attributes of tribal sovereignty such that suits against it are barred absent a waiver of sovereign immunity *(see, Weeks Constr. v Oglala Sioux Hous. Auth., supra,* at 670-671; *Ramey Constr. Co. v Apache Tribe of Mescalero Reservation,* 673 F2d 315, 320). In that connection, the record establishes that the Fund was established for the purpose of enhancing the health and welfare of the Tribe. Consistent therewith, the Fund's bylaws restrict its directorship to elected Chiefs of the Tribe. In addition, the Tribe was the source of the Fund's moneys and agreements entered into by the Fund designate the Tribe as the recipient of funds or services.

Further, and contrary to Supreme Court's determination, we conclude that there is insufficient evidence in the record to support a finding that the Fund waived its sovereign immunity. Although a tribe may, and often does, waive sovereign immunity, the law is well settled that to be effective such a waiver "cannot be implied but must be unequivocally expressed" *(United States v King,* 395 US 1, 4; *accord, Santa Clara Pueblo v Martinez, supra,* at 58-59; *Weeks Constr. v Oglala Sioux Hous. Auth., supra,* at 671; *American Indian Agric. Credit Consortium v Standing Rock Sioux Tribe,* 780 F2d 1374, 1378-1379). Here, Supreme Court based its finding of waiver upon a provision in the Fund's articles of incorporation

that "[t]he corporation may exercise all power or authority granted to it under the District of Columbia Non-Profit Corporation Act or otherwise, including, but not limited to, the power to accept donations or money or property, and the power to own or lease property, real or personal" and the fact of its qualification to do business in New York.* Such a generalized incorporation of corporate powers and liabilities will not satisfy the requirement of an unequivocal expression of intent to waive sovereign immunity (see, American Indian Agric. Credit Consortium v Standing Rock Sioux Tribe, supra; cf., Namekagon Dev. Co. v Bois Forte Reservation Hous. Auth., 517 F2d 508, 509).

Cardona, P. J., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

---

* Among the general powers enumerated in the District of Columbia Nonprofit Corporation Act is the power to sue and be sued. Not-for-Profit Corporation Law § 202 (a) (2) is to the same effect.