■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and ELI LUCASH, Respondent.— In a proceeding to stay arbitration and, alternatively, to direct respondent to submit to examination, petitioner appeals from an order of the Supreme Court, Kings County, dated January 25, 1962, denying the application. Order modified, on the law and the facts, by striking out the decretal paragraph denying the application "in all respects", and by substituting therefor a paragraph to the effect: (a) that the application is granted to the extent that the arbitration is stayed pending the respondent's examination and until its completion, pursuant to the provisions of the indorsement concerning "uninsured automobiles" on respondent's automobile insurance policy, provided that the petitioner shall proceed diligently to conduct and complete such examination, on reasonable notice to him; and (b) that the application is otherwise denied. As so modified, order affirmed, without costs. With respect to the motor vehicle, the operation of which is claimed by respondent to have caused his bodily injuries, the issue of whether the insurer of such vehicle has disclaimed liability (see Insurance Law, § 167, subd. 2-a; § 600, subd. [2]) is not one which is arbitrable under the pertinent provisions of the indorsement on the policy. Under said provisions, the only issues that are arbitrable are: (1) whether the respondent is entitled to recover damages from the owner or operator of the automobile in question; and (2) if that issue be determined in favor of respondent, the amount he is entitled to recover from such person or persons as such damages (*Matter of Rosenbaum* [*Amer. Sur. Co. of N. Y.*], 11 N Y 2d 310; *Matter of Motor Vehicle Acc. Ind. Corp.* [*Brown*], 15 A D 2d 578; *Matter of Phoenix Assur. Co. of N. Y.* [*Digamus*], 9 A D 2d 998). In our opinion, it is conclusively established by the record that the insurer of the automobile in question did disclaim its liability. Accordingly, arbitration should proceed on the two issues which are arbitrable, as stated above. However, under further pro-

visions in the said indorsement, respondent is required to submit to such examination as may reasonably be required in connection with petitioner's consideration of his claim against it. In addition, section 605 (subd. [a], par. [1]) of the Insurance Law expressly obligates the petitioner to investigate any and all claims made under such indorsement. Under the circumstances disclosed in the record, petitioner's omission to request such examination until the commencement of this proceeding, approximately a year and a half after respondent had submitted his first written claim to petitioner, should not prejudice its right to the examination. So far as appears, notice that the insurer of the automobile in question had disclaimed liability was not given to petitioner until it was given in the demand for arbitration, about one year and four months after said first notice of claim, and only a little more than a month prior to the commencement of this proceeding. To enable the respondent to comply with his obligation under the indorsement to submit to examination, an appropriate stay of the arbitration should be granted (see Civ. Prac. Act, § 1458, subd. 2). Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.