■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. HARRY ISLER, Respondent.— In a proceeding by an automobile liability insurer to stay arbitration demanded by respondent pursuant to the Uninsured Automobile Endorsement in an insurance policy issued by petitioner to respondent's son, the appeal is from an order of the Supreme Court, Westchester County, dated January 26, 1971, which denied the application and directed

that respondent may proceed to arbitration. Order reversed, on the law, without costs, application granted, and arbitration stayed. The findings of fact below are affirmed. Respondent, a pedestrian, was injured in an automobile accident with an uninsured motorist in Puerto Rico on October 5, 1969. In connection therewith, respondent subsequently filed a claim with his automobile insurer pursuant to an Uninsured Automobile Endorsement contained in his policy of automobile liability insurance. That claim was later settled for $9,500. Thereafter respondent made claim against petitioner, seeking once again to recover damages for his accident in Puerto Rico. Petitioner had issued a policy of automobile liability insurance to respondent's son. Respondent is allegedly an "insured" as defined in the Uninsured Automobile Endorsement contained in that policy, as a resident in his son's household. Petitioner did not move for a stay of arbitration within 10 days of service upon it by respondent of a notice of intention to arbitrate (see CPLR 7503, subd. [c]). In our opinion the failure to so move does not bar the instant proceeding, in view of respondent's concealment of the fact that he had previously successfully made claim against his insurer for damages arising out of the same accident. Respondent may not conceal a material fact which is unavailable to petitioner and thereby create coverage where otherwise there would be none. We do not at this time pass upon the question whether the issue of "coverage" may be raised by an insurer which has not brought its proceeding to stay arbitration within 10 days of service upon it of a notice of intention to arbitrate and in which proceeding there is no claim of concealment of material facts by petitioner (cf. *Matter of Frame* [*Amer. Motorists Ins. Co.*], 31 A D 2d 872; but, see *Matter of Allstate Ins. Co.* [*Ness*], 32 A D 2d 912.) The Uninsured Automobile Endorsement (applicable only to accidents which take place out of New York State) contained in the policy issued to respondent's son incorporates by reference Exclusion (b) contained in the New York Automobile Accident Indemnification Endorsement of that policy. That exclusion operates to deny recovery for bodily injury, care or loss of services sustained by an insured with respect to which he has settled a claim against a person or organization legally liable therefor without petitioner's written consent. Respondent's failure to obtain consent from petitioner terminated the latter's liability in connection with this accident. Were we not holding petitioner's liability terminated, its liability to respondent would, by virtue of the adoption by reference into the Uninsured Automobile Endorsement of Condition 6 of the New York Automobile Accident Indemnification Endorsement, be limited to a maximum of $500. The second paragraph of that condition serves to limit the insured's damages to the higher of the applicable policy limits of this policy and any other similar policy. As both this policy and the one issued to respondent had a $10,000 limitation, respondent, having settled his claim against his insurer for $9,500, could not in any event, recover more than $500 from petitioner. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.