■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JOHN MALONEY, Respondent. — In a proceeding pursuant to CPLR 7503 (b) to permanently stay arbitration of an underinsured motorist claim, petitioner appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated June 18, 1984, which dismissed the petition as untimely.

Order affirmed, with costs. The parties are directed to proceed with arbitration.

Respondent had a policy of automobile insurance with petitioner which included supplementary uninsured motorist coverage (underinsured motorist coverage). The policy provided that there was no underinsured motorist coverage for "ANY INSURED WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY PERSON OR ORGANIZATION WHO MAY BE LIABLE FOR THE BODILY INJURY".

On March 11, 1982, the respondent was involved in an automobile accident with a third person, Americo Torres, who was insured by Aetna Insurance Company with a liability policy limit of $10,000. By letter dated March 31, 1982, respondent notified petitioner that he intended to make a claim under the underinsured motorist provision of the policy.

By letter dated July 14, 1983, Aetna offered respondent $10,000, Torres' policy limit, in settlement of the matter. By notice dated July 19, 1983, respondent notified petitioner of his demand to arbitrate the issue of "whether or not claimant's injuries were caused in whole or in part by the negligent ownership and/or operation and/or use and/or maintenance or control of the uninsured [*sic*] vehicle which claimant(s) was involved in the accident with". The arbitration notice, sent by certified mail, return receipt requested, was delivered to petitioner on July 22, 1983.

Respondent accepted Aetna's settlement offer and on July 23, 1983, issued a release to Torres. The release preserved any claim which State Farm may have had under its supplementary uninsured motorist coverage against Torres.

By letter dated November 22 1983, petitioner selected an arbitrator. The selected arbitrator accepted his appointment on January 23, 1984.

In a petition to stay arbitration, dated February 16, 1984, petitioner alleged that respondent violated the policy provisions in that he failed to obtain the written consent of petitioner prior to settling his claim. Petitioner also alleged that it "only recently learned of the settlement entirely through its own efforts".

Pursuant to CPLR 7503 (c) a party served with a demand for arbitration must apply to stay the arbitration within 20 days after such service or he shall thereafter be precluded from objecting that a valid agreement has not been complied with. "[T]he courts are without discretion to extend the statutory time period where there has been a failure to timely apply for a stay" (*Matter of State Farm Mut. Auto. Ins. Co. [Richards]*, 99 AD2d 785; *see also, Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182).

Petitioner argues that the 20-day time limit does not apply where, as here, a claimant has concealed a material fact, and that, since respondent failed to obtain petitioner's written consent prior to settling his claim with the third party, arbitration should be permanently stayed. In support of its argument petitioner cites *State Farm Mut. Auto. Ins. Co. v Isler* (38 AD2d 966) where the court granted a petitioner's motion to stay arbitration after the statutory time limit, on the ground that the respondent concealed a material fact, which was unavailable to the petitioner, in an attempt to create coverage where otherwise there would have been none.

This case is distinguishable from *State Farm Mut. Auto. Ins. Co. v Isler (supra)*. Here, there was no concealment of a material fact by respondent. Petitioner was aware that respondent intended to make a claim under the underinsured provisions of the policy. Although petitioner claimed that it was only through the efforts of its claim superintendent that petitioner learned in late January 1984 of respondent's settlement, there is nothing in the record which would show that the information regarding the settlement was unavailable to petitioner prior to January 1984, or that respondent made any attempt to conceal the settlement. The lack of written consent therefore should have been known to petitioner within the 20-day Statute of Limitations. Accordingly the petition was properly dismissed as untimely (*Matter of Prudential Prop. & Cas. Ins. Co. [Buonacore]*, NYLJ, June 5, 1981, p 16, col 4). In light of this determination, we need not address respondent's other contention. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.