■ In the Matter of METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellant, v FRANCES M. HANCOCK, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered August 9, 1990, which dismissed the petition and directed the parties to proceed to arbitration in accordance with the demand therefor.

Ordered that the judgment is affirmed, with costs.

On December 10, 1988, a vehicle owned and operated by Frances M. Hancock, the respondent, was struck by a vehicle operated by Boyd Stevenson. Progressive Casualty, Stevenson's insurance carrier, offered Hancock $10,000, the limit of Stevenson's insurance coverage. After receiving the offer, but before issuing a release, Hancock attempted to negotiate her underinsurance claim with her carrier, Metropolitan Property and Liability Insurance Company (hereinafter Metropolitan), the petitioner. Metropolitan's policy provided her with underinsured motorist coverage of $50,000 per person. After negotiations fell through, Hancock served Metropolitan by certified mail with a demand for arbitration. Metropolitan concedes receiving the demand on or about March 12, 1990. Metropolitan sent Hancock's counsel a letter dated March 22, 1990, confirming an oral settlement of $40,000. The letter advised that Metropolitan's subrogation rights must be protected and

included in the release, and requested that Hancock contact the American Arbitration Association to withdraw this matter. On April 26, 1990, Hancock executed a release in favor of Stevenson which did not preserve Metropolitan's subrogation rights. As a result, Metropolitan filed a notice of petition dated June 22, 1990, to stay arbitration.

Metropolitan contends that an equitable exception exists which would excuse its failure to timely file a notice of stay of arbitration. We disagree. CPLR 7503 (c) requires that an application to stay arbitration must be made within 20 days after the service of the demand for arbitration. This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application *(see, Matter of Metropolitan Prop. & Cas. Ins. Co. [Coping],* 179 AD2d 499; *Matter of Allcity Ins. Co. [Vitucci],* 151 AD2d 430, *affd* 74 NY2d 879; *Matter of Allstate Ins. Co. v Bonilla,* 116 AD2d 571). Moreover, failure to move to stay arbitration within this time period is a bar to judicial intrusion into arbitration proceedings *(see, Aetna Life & Cas. Co. v Stekarids,* 34 NY2d 182, 186; *State Farm Mut. Auto. Ins. Co. v Maloney,* 111 AD2d 917, 918). Where, as here, Metropolitan waited over three months to file the petition to stay arbitration, the Supreme Court correctly concluded that it was untimely. We further find that the instant case does not fit within one of the limited exceptions to the rule requiring strict enforcement of CPLR 7503 (c) *(cf., Matter of Nationwide Mut. Ins. Co. [Monroe],* 75 AD2d 765; *Matter of Empire Mut. Ins. Co. [Levy],* 35 AD2d 916; *State Farm Mut. Auto. Ins. Co. v Isler,* 38 AD2d 966). Accordingly, the Supreme Court properly dismissed the petition and directed the parties to proceed to arbitration.

In light of our determination that Metropolitan's petition to stay arbitration is time-barred, we need not reach its contention that Hancock's failure to preserve its subrogation rights barred Hancock's recovery under the underinsured motorists provision of the insurance policy *(see, e.g., Matter of Allcity Ins. Co. v Bonilla, supra).* Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.