■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v DOUGLAS JONES, Respondent.—In a proceeding pursuant to CPLR 7503 (a) to compel arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered November 5, 1990, which denied the application.

Ordered that the judgment is affirmed, with costs.

The facts relevant to this appeal are undisputed. The respondent policyholder was allegedly injured in an automobile accident on August 30, 1988, and sought benefits under the underinsured motorist provisions of his insurance policy with the appellant carrier. The policyholder served the carrier with a demand for arbitration pursuant to CPLR 7503 (c) via certified mail. The carrier received the demand on July 16, 1990. The demand properly stated that the carrier had 20 days to seek a stay of arbitration, and that failure to do so precluded objection on the grounds that "a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time". The demand further provided that the policyholder sought arbitration according to the rules of the American Arbitration Association (hereinafter AAA). The arbitration clause of the insurance policy did not provide for arbitration according to AAA rules, but stated that each party shall select an arbitrator, and that the two arbitrators will select a third.

On August 7, 1990, after the 20-day limit for seeking a stay of arbitration had expired, the carrier commenced this proceeding pursuant to CPLR 7503 (a) to compel arbitration according to the terms of the insurance policy. The carrier asserted that since the petition seeks arbitration according to the agreement, rather than a stay of arbitration, the 20-day limitation in CPLR 7503 (c) has no application. The Supreme Court denied the petition, finding that the carrier was not aggrieved by the policyholder's failure to *arbitrate,* which is a prerequisite for an application to compel arbitration under CPLR 7503 (a). The court found that CPLR 7503 (c) applied, and that the application was untimely.

Notwithstanding a policy of deferring to the terms of an arbitration agreement *(see, Matter of Astoria Med. Group [Health Ins. Plan],* 11 NY2d 128, 133), CPLR 7503 (c) states that once a demand for arbitration has been made, the failure to seek a stay of arbitration within 20 days precludes any

objection based upon failure to comply with the terms of the agreement. Having failed to seek a stay of arbitration within the 20-day period, the carrier may not now object to arbitration under the terms demanded by its policyholder (see, Siegel, NY Prac § 593, at 956 [2d ed 1991]; cf., Matter of State Mut. Auto. Ins. Co. [Mercado], 52 NY2d 840, 841). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.