■ In the Matter of BOARD OF EDUCATION, YONKERS CITY SCHOOL DISTRICT, Respondent, v OLENA CONSTRUCTION CORP., Appellant. [600 NYS2d 135] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Olena Construction Corp. appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated May 28, 1991, which, upon granting the petition, permanently enjoined it from proceed-

ing to arbitration and dismissed its cross motion to compel arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is dismissed, and the cross motion to compel arbitration is granted.

Having failed to move for a stay of arbitration within 20 days after the service of the demand for arbitration, the petitioner is now barred from such relief *(see,* CPLR 7503 [c]; *Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831). We find no merit to the petitioner's contention that *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264) is controlling in the case at bar. Here, unlike *Matarasso,* both the petitioner and the respondent were parties to the arbitration agreement *(see, Matter of Woodcrest Fabrics [Taritex, Inc.],* 98 AD2d 52). The petitioner's further contention that it was excused from moving for a stay of arbitration within 20 days of the demand for arbitration is without merit.

Finally, the petitioner is not entitled to the requested relief merely because the respondent did not file a formal answer. The Supreme Court should have treated the affidavit supporting the cross motion to compel arbitration as an answer to the petition *(see, Matter of Ransom v St. Regis Mohawk Educ. & Community Fund,* 179 AD2d 860). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.