■ In the Matter of WORLDWIDE INSURANCE GROUP, Respondent, v FREDERICK J. WING, Appellant. [609 NYS2d 331] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Police Officer Frederick J. Wing appeals (1) from an order of the Supreme Court, Nassau County (Collins, J.), dated December 11, 1991, which granted an application for a temporary stay of arbitration, and (2) as limited by his brief, from so much of a judgment of the same court, dated May 7, 1992, as permanently stayed arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the proceeding is dismissed, the temporary stay of arbitration contained in the order dated December 11,

1991, is vacated, and the parties are directed to proceed to arbitration; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On January 20, 1991, the appellant Frederick J. Wing, a Nassau County police officer, was allegedly injured in the course of his duties while attempting to apprehend the infant driver of a stolen motor vehicle. On June 24, 1991, the appellant served a demand for arbitration of his uninsured motorist claim upon the petitioner Worldwide Insurance Group. The demand contained notice of a 20-day limitation period for seeking a stay of arbitration pursuant to CPLR 7503 (c). On September 9, 1991, more than 20 days after the demand for arbitration had been served, the petitioner made an application for a stay of arbitration. The appellant opposed the application for a stay and argued that he was entitled to recovery under General Municipal Law § 205-e.

The 20-day limitation is strictly enforced (see, Matter of Spychalski [Continental Ins. Co.], 58 AD2d 193, affd 45 NY2d 847; Matter of Board of Educ. v Olena Constr. Corp., 195 AD2d 458; Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock, 183 AD2d 831). The appellant clearly invoked General Municipal Law § 205-e and may be entitled to recovery pursuant to that provision. Therefore, we find that the Supreme Court erred in granting the petitioner's untimely application for a stay (see, Malsky v Towner, 196 AD2d 532; Santangelo v State of New York, 193 AD2d 25; Antico v Richmond Hous. Assocs., 196 AD2d 853; Phalen v Kane, 192 AD2d 186). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.