■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v FRANCISCO URENA, Respondent. [618 NYS2d 219] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner Allstate Insurance Company appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated January 25, 1993, as denied that branch of its petition which was for a temporary stay of arbitration pending discovery, and (2) as limited by its brief, from so much of an order of the same court, dated April 23, 1993, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated January 25, 1993, is dismissed, as that order was superseded by the order dated April 23, 1993, made upon reargument; and it is further,

Ordered that the order dated April 23, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The record indicates that the petitioner Allstate Insurance Company (hereinafter Allstate) had ample time, i.e., several months prior to the commencement of the instant arbitration proceeding, within which to seek discovery of the respondent insured as provided for in the insurance policy, and unjustifiably failed to utilize that opportunity. Under the circumstances disclosed in this record, the Supreme Court did not improvidently exercise its discretion in denying that branch of the petition which was for a temporary stay of arbitration pending discovery *(cf., Matter of MVAIC [Lucash],* 16 AD2d 975, 976). Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.