■ In the Matter of the Arbitration between PROPULSORA IXTAPA SUR, S.A. DE C.V., Respondent, and OMNI HOTELS FRANCHISING CORPORATION, Appellant. [621 NYS2d 569] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about May 18, 1994, which denied respondent's motion to dismiss the petition and conditionally granted petitioner's cross-motion to stay arbitration, unanimously reversed, on the law, with costs, the cross-motion is denied, respondent's motion is granted, the petition is dismissed and the parties are directed to proceed to arbitration.

On or about October 1, 1988, respondent Omni Hotels Franchising Corporation ("Omni"), a Delaware corporation, and petitioner Propulsora Ixtapa Sur, S.A. De C.V. ("Propulsora"), a Mexican corporation, entered into a "Marketing and Reservation Services Agreement" (the "Agreement") pursuant to which Omni agreed to provide certain services "outside of Mexico".

Paragraph 10 of the Agreement provides that the "validity, construction and performance" of the Agreement would be governed by the law of New York State and that any controversy or dispute arising between the parties "concerning the interpretation, performance or enforcement" of the Agreement would be resolved by arbitration in New York County.

In 1993, a dispute arose concerning petitioner's failure to pay respondent certain fees for services rendered over a period of time. On November 5, 1993, petitioner commenced an action against Omni in the Superior Court of Justice for the Federal District of Mexico asserting, *inter alia,* that the Agreement was illegal, invalid and void under Mexican law because it had not been notarized and because Omni did not have a license to engage in commercial activity in Mexico.

On January 21, 1994, Omni served Propulsora with a notice of intention to arbitrate in New York, which notice was in compliance with CPLR 7503 (c) and specifically advised petitioner that it had twenty days after service of the notice to apply for a stay of arbitration. On March 7, 1994, Omni commenced an arbitration proceeding before the American Arbitration Association in New York.

On March 16, 1994, fifty-four days after the service of Omni's notice of intention to arbitrate, petitioner filed a notice of petition and petition commencing the underlying action seeking to stay the arbitration proceeding. Omni subsequently moved to dismiss the petition, pursuant to CPLR 404 (a), as it had been filed more than thirty days after the expiration of the twenty-day limitations period. Petitioner cross-moved to stay arbitration pending the determination of the action in Mexico and to deem the petition filed *nunc pro tunc.*

The IAS Court denied respondent's motion to dismiss the petition and granted petitioner's cross-motion to the extent of staying the arbitration pending the outcome of the action in Mexico. The court held that: "[a]s a matter of comity, the determination of the alleged illegality of the contract should be left with the Mexican court in the pending lawsuit." Omni appeals and we now reverse.

The IAS Court erred when it permitted petitioner to commence the underlying proceeding fifty-four days after being served with Omni's notice of intention to arbitrate. The twenty-day limitations period set forth in CPLR 7503 (c) is to be strictly enforced and the court has no jurisdiction, unless there was never an agreement to arbitrate, to entertain an untimely application (*Matter of Worldwide Ins. Group v Wing,* 202 AD2d 682, 683; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831, 832; *Matter of Metropolitan Prop. & Cas. Ins. Co. [Coping],* 179 AD2d 499, 500; *Matter of Allcity Ins. Co. [Vitucci],* 151 AD2d 430, *affd* 74 NY2d 879).

The petitioner herein invokes two grounds for a stay of arbitration: that the Agreement was unlawful because Omni was not licensed to do business in Mexico; and that the Agreement was unenforceable because it was not notarized as required by Mexican law. Initially we note that the IAS Court correctly recognized the obvious infirmities of the foregoing arguments in that the Agreement, pursuant to its own terms, was to be construed and interpreted pursuant to New York, not Mexican, law. Further, both arguments go to the validity of the contract and as such are precluded if not brought within the twenty-day limitations period (CPLR 7503 [c]).

Equally devoid of merit is petitioner's contention, which is raised for the first time on appeal, that the twenty-day limitations period set forth in CPLR 7503 (c) is pre-empted by the Federal Arbitration Act (the FAA). Federal law in the field of arbitration pre-empts State law only to the extent that the two bodies of law conflict (*Volt Information Sciences v Stanford Univ.,* 489 US 468, 477). In the matter at bar, no conflict exists as the FAA is silent on the issue of a limitations period whereas CPLR 7503 (c), the applicability of which was specifically endorsed by both parties, provides that a petition must be brought within twenty days, and in such a circumstance, a court applying Federal law would utilize the restrictive period (*Morgan v Nikko Sec. Co. Intl.,* 691 F Supp 792, 794, n 1).

The IAS Court also erred when it stayed the New York arbitration proceeding so that the validity of the Agreement could be determined under Mexican law as a "matter of comity" based on the ground that the Mexican action was commenced first. Comity " 'is not a rule of law, but one of practice, convenience and expediency' " and does not, of its own force, compel a particular course of action (*Ehrlich-Bober & Co. v University of Houston,* 49 NY2d 574, 580, quoting *Mast, Foos & Co. v Stover Mfg. Co.,* 177 US 485, 488).

Further, General Obligations Law § 5-1401 (1) provides,

*inter alia,* that: "The parties to any contract * * * may agree that the law of this state shall govern their rights and duties in whole or in part, whether or not such contract * * * bears a reasonable relation to this state."

The well established and often espoused policy in New York is that the resolution of disputes through arbitration is favored, particularly those disputes which arise in the context of international commercial transactions *(Corcoran v Ardra Ins. Co.,* 77 NY2d 225, 233, *cert denied sub nom. Ardra Ins. Co. v Curiale,* 500 US 953; *Cooper v Ateliers de la Motobecane,* 57 NY2d 408, 411).

In view of the strong policy of this State favoring the arbitration of disputes, coupled with the Agreement's plain language providing that any controversies arising out of the Agreement be resolved by arbitration conducted in a New York forum pursuant to the law of New York State, it was error to stay the within proceeding pending the resolution of the Mexican action. Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.