■ In the Matter of METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, Appellant, v BRENDAN KEENEY, Respondent. [660 NYS2d 54] —In a proceeding, *inter alia,* pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Orange County (Bellantoni, J.), dated July 1, 1996, which (1) denied that branch of the petition which was for a

temporary stay of arbitration pending discovery, (2) granted the cross motion of Brendan Keeney to compel arbitration, and (3) referred to the arbitrator(s) that branch of the petition which was for a declaration that the petitioner is entitled to an offset for any amount received by Brendan Keeney from Government Employees Insurance Company in settlement of his personal injury claim.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, (1) that branch of the petition which was for a temporary stay of arbitration pending discovery is granted, (2) Brendan Keeney's cross motion is denied, and (3) that branch of the petition which was for a declaration that the petitioner is entitled to an offset for the amount Brendan Keeney received from Government Employees Insurance Company in settlement of his personal injury claim is remitted to the Supreme Court, Orange County, to conduct an evidentiary hearing on that issue.

Under the circumstances of the instant case, the Supreme Court improvidently exercised its discretion in denying that branch of the petition of Metropolitan Property & Casualty Insurance Company (hereinafter Metropolitan) which was for a temporary stay of arbitration. Although Metropolitan had ample time to demand certain discovery of its insured, the respondent, Brendan Keeney, as provided in the subject insurance policy, its delay in seeking such discovery was justified (cf., Matter of Allstate Ins. Co. v Urena, 208 AD2d 623). The parties were engaged in good faith settlement negotiations of the respondent's claim, during which the respondent provided Metropolitan with relevant medical records concerning his injuries. Moreover, Metropolitan commenced the instant proceeding only a little more than a month after the respondent informed it that his injuries were more serious than originally believed, and immediately upon learning that the respondent would no longer engage in settlement negotiations. Thus, under the circumstances presented, we conclude that Metropolitan is entitled to a temporary stay of arbitration of the respondent's underinsured motorist claim pending further discovery (see, Matter of MVAIC [Lucash], 16 AD2d 975, 976). In Matter of Allstate Ins. Co. v Urena (supra), we did not hold that the insurer had waived its right to obtain discovery from the insured, but merely that it was not entitled to a stay of arbitration to obtain such discovery because of its unjustified delay in doing so.

Finally, although the Supreme Court properly determined that an evidentiary hearing was required on the issue of

whether Metropolitan was entitled to offset the limits of the respondent's underinsured coverage by the amount he received from Government Employees Insurance Company, the tortfeasor's insurer, the Supreme Court, rather than the arbitrator(s), should hold the hearing on this issue *(see, Matter of Government Empls. Ins. Co. v DePietto,* 226 AD2d 723). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.