■ In the Matter of LAND OF THE FREE, INC., Doing Business as SEAFORD PALACE DINER, et al., Respondents, v UNIQUE SANITATION, INC., et al., Appellants. [666 NYS2d 945] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for breach of contract, the appeal is from an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 4, 1996, which granted the petition to the extent of granting a temporary stay of arbitration pending a hearing to determine the validity of the contract at issue and denied the appellants' cross motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

Pursuant to CPLR 7503 (c), an application to stay arbitration must be made within 20 days after service of the demand for arbitration (*see, Matter of Worldwide Ins. Group v Wing,* 202 AD2d 682; *Matter of Board of Educ. v Olena Constr. Corp.,* 195 AD2d 458; *Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831). A petition to stay arbitration may be granted, even if filed after the 20-day time limit, if it is against public policy to permit arbitration of the issue sought to be arbitrated (*see, Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621).

In the case at bar the contract between the parties is neither facially violative of public policy nor illegal. Accordingly, the petitioners' application to stay arbitration, which was made beyond the 20-day time limit enunciated in CPLR 7503, was

untimely and the arbitration should proceed. Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.