■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v UBIRAJAR ALMEIDA, Appellant. [699 NYS2d 287] —In a proceeding, *inter alia*, to stay arbitration of a claim for uninsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Segal, J.), dated February 18, 1999, which granted the petitioner's motion for leave to reargue that branch of the petition which was for a temporary stay of arbitration to conduct discovery, and, upon reargument, granted that branch of the petition.

Ordered that the order is affirmed, with costs.

Where an insurer has ample time to seek discovery of its insured as provided for in the insurance policy, but unjustifiably fails to do so, it is not entitled to a stay of arbitration (*see, Matter of Allstate Ins. Co. v Faulk*, 250 AD2d 674; *Matter of Liberty Mut. Ins. Co. v DeCaro*, 244 AD2d 487; *Matter of Allstate Ins. Co. v Urena*, 208 AD2d 623; *Matter of Allstate Ins. Co. v Nebedum*, 208 AD2d 624). In contrast, where an insurer presents a justifiable excuse for its failure to seek such discovery, a temporary stay of arbitration will be granted to allow the insurer to obtain discovery (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Keeney*, 241 AD2d 455; *Matter of MVAIC [Lucash]*, 16 AD2d 975).

Here, the Supreme Court properly granted that branch of the petition which was for a temporary stay of arbitration to

conduct discovery, as the insurer provided a justifiable excuse for its failure to timely seek discovery (*see, Matter of Metropolitan Prop. & Cas. Ins. Co. v Keeney, supra; Matter of MVAIC [Lucash], supra*).

The appellant's remaining contentions are without merit. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.