■ In the Matter of J.J.'s MAE, INC., Respondent, v H. WARSHOW & SONS, INC., Appellant. [717 NYS2d 37] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered February 24, 2000, which granted petitioner's CPLR article 75 application to stay arbitration and denied respondent's cross motion to compel arbitration, unanimously affirmed, with costs.

Under *Matter of Marlene Indus. Corp. (Carnac Textiles)* (45 NY2d 327), inclusion of an arbitration clause in a confirmation invoice constitutes a material alteration of an existing contract between merchants within the meaning of UCC 2-207, absent explicit agreement by the recipient of the invoice. Although the Federal Arbitration Act preempts inconsistent State law as to an arbitration agreement's enforceability (*see, Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 48), it preempts only those provisions of State law that actually conflict with provisions of the Federal statute (*see, Matter of Propulsora Ixtapa Sur [Omni Hotels Franchising Corp.]*, 211 AD2d 546, 548, *lv denied* 85 NY2d 805), and does not preempt such " 'general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate' " (*Chelsea Sq. Textiles v Bombay Dyeing & Mfg. Co.*, 189 F3d 289, 296). Even if we were to agree, however, that *Progressive Cas. Ins. Co. v C.A. Reaseguradora Nacional* (991 F2d 42) bars application of the *Marlene Industries* rule per se in matters of interstate commerce (*see, e.g., I.K. Bery, Inc. v Boody & Co.*, 2000 US Dist LEXIS 1872, *17-18, 2000 WL 218398, *5), we would nonetheless find the arbitration clause in the seller's ·

invoice herein to constitute a material alteration of the parties' agreement that would result in surprise or hardship if incorporated without the express awareness of the buyer (*see*, UCC 2-207 [2] [b]; *Bayway Ref. Co. v Oxygenated Mktg. & Trading*, 215 F3d 219, 224) and, accordingly, the application to stay arbitration was properly granted (*compare*, *Bayway Ref. Co. v Oxygenated Mktg. & Trading, supra*). Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.