■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v ALEXANDER MILES, Appellant. [719 NYS2d 717] —In a proceeding to temporarily stay arbitration of a claim for uninsured motorist benefits, Alexander Miles appeals from an order of the Supreme Court, Kings County (Mason, J.), dated April 18, 2000, which granted the petition and denied his cross motion to compel arbitration, and for costs, fees, and sanctions.

Ordered that the order is modified, on the law, with costs, by deleting the provisions thereof granting the petitioner's motion and denying that branch of cross motion which was to compel arbitration and substituting therefor provisions denying the motion and granting that branch of the cross motion; as so modified the order is affirmed, with costs to the appellant.

Pursuant to CPLR 7503 (c), an application to stay arbitration must be made within 20 days after service of the demand for arbitration. The petitioner's application for a temporary stay of arbitration was made more than 20 days after service of the appellant's demand. The petitioner's application was, therefore, untimely and must be denied (*see, Matter of Allstate Ins. Co. [Gonzalez],* 161 AD2d 424; *see also, Matter of Land of the Free v Unique Sanitation,* 246 AD2d 546; *Matter of Worldwide Ins. Group v Wing,* 202 AD2d 682).

In any event, since the record indicates that the petitioner had ample time before the commencement of the instant proceeding within which to seek discovery of the appellant as provided by the insurance policy, and unjustifiably failed to utilize that opportunity, the petitioner should not now be granted a temporary stay of arbitration pending such discovery (*see, Matter of Allstate Ins. Co. v Faulk,* 250 AD2d 674; *Matter of Allstate Ins. Co. v Urena,* 208 AD2d 623). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.