■ In the Matter of MICHAEL C. COPPOLA et al., Appellants, v GOOD SAMARITAN HOSPITAL MEDICAL CENTER et al., Respondents. [795 NYS2d 721]—

In a proceeding, inter alia, pursuant to Judiciary Law article 19 to hold the respondents in civil contempt based upon their disobedience of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 22, 2002, among other things, enjoining the respondent Good Samaritan Hospital Medical Center from operating its relocated emergency room, the petitioners appeal from an order of the same court (Pitts, J.), dated February 17, 2004, which, in effect, denied the petition without prejudice, and granted the motion of the respondent Good Samaritan Hospital Medical Center to stay enforcement of the order dated October 22, 2002, until May 13, 2004.

Ordered that the appeal from so much of the order dated February 17, 2004, as granted the motion is dismissed as academic; and it is further,

Ordered that the order dated February 17, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The order dated October 22, 2002, which enjoined Good Samaritan Hospital Medical Center (hereinafter the Hospital) from "conducting business affairs and services" at its "relocated Emergency Room" contained a provision which stayed enforcement of the injunction until a specified date and further stated that "if no extension is requested or if an application for an extension is denied, upon application by petitioners, the court shall vacate the stay." The record contains no application to vacate the stay contained in Justice Whelan's order.

The petitioners commenced the instant separate proceeding to hold the hospital and others in contempt of the injunction. Justice Pitts, in the order appealed from dated February 17, 2004, granted a further stay of the injunction until May 13, 2004. Thereafter, Justice Pitts, in an order dated May 6, 2004, extended the stay until July 22, 2004 "[u]pon the consent of the parties."

The appeal from so much of the order dated February 17, 2004, as granted a stay until May 13, 2004, is dismissed as academic, since the legal effect of that provision has expired, and was superseded by the stay granted in the order dated May 6, 2004.

So much of the order dated February 17, 2004, as, in effect,

denied the petition without prejudice, must be affirmed. Since a stay of enforcement of the injunction granted by Justice Whelan was still in effect on February 17, 2004, the respondents were not in contempt of the injunction. H. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.