■ In the Matter of STATE-WIDE INSURANCE COMPANY, Respondent, v TAMEY WOMBLE, Appellant. [811 NYS2d 707]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Jones, J.), dated June 22, 2005, which, in effect, granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner received notice of the subject uninsured motorist claim in October 2003, and reserved its right at such time to secure the appellant's statement under oath and to have the appellant submit to a physical examination. A period of 17 months elapsed between the time of the petitioner's receipt of the appellant's uninsured motorist claim and the time of the appellant's service of the demand for arbitration. However, the record is devoid of any evidence that the petitioner forwarded to the appellant any correspondence requesting a statement, physical examination, or demand for authorizations during that time. The petitioner subsequently sought to permanently stay arbitration

on the ground that the appellant failed to supply authorizations for medical, hospital, and employment records, and failed to submit to an examination under oath and to a physical examination.

The petitioner had ample time to seek discovery before commencing this proceeding and unjustifiably failed to do so (*see Matter of Government Empls. Ins. Co. v Rosenfarb*, 306 AD2d 478 [2003]; *Matter of Allstate Ins. Co. v Miles*, 280 AD2d 472 [2001]; *Matter of Allstate Ins. Co. v Faulk*, 250 AD2d 674 [1998]; *Matter of Allstate Ins. Co. v Urena*, 208 AD2d 623 [1994]). Therefore, the Supreme Court erred, in effect, in granting the petition.

The appellant's remaining contention is academic in light of our determination. Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.