■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSUR-
ANCE COMPANY, Respondent, v HELEN GOLDSTEIN, Appellant.
[825 NYS2d 248]—

In a proceeding pursuant to CPLR article 75, inter alia, to temporarily stay arbitration of an uninsured motorist claim, Helen Goldstein appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered September 30, 2005, as granted the petition to the extent of staying the arbitration for a period of 90 days and directing her to provide certain discovery.

Ordered that the appeal from so much of the order as stayed the arbitration for a period of 90 days is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

By its terms, the temporary stay of arbitration granted in favor of the petitioner expired 90 days from September 26, 2005, the date of the order granting the temporary stay. Therefore, so much of the appeal as challenges the temporary stay must be dismissed as academic (see Matter of Ellwanger v Ellwanger, 31 AD3d 447 [2006]; Matter of Rochester v Rochester, 26 AD3d 387 [2006]).

Under the circumstances of this case, although "ample time" (Matter of New York Cent. Mut. Fire Ins. Co. v Gershovich, 1 AD3d 364 [2003]) elapsed between the appellant's June 10, 1999 notification to her insurer, the petitioner, of a possible uninsured motorist claim and the actual demand for an uninsured motorist arbitration in June 2005, the three letters seeking disclosure, which the petitioner sent to the appellant's attorney between October 6, 2004 and February 28, 2005, and which went unanswered, clearly manifested the petitioner's intent to pursue its policy rights to obtain disclosure and that the petitioner did not fail to pursue the opportunity to obtain disclosure (see Matter of State Farm Mut. Auto. Ins. Co. v Bautista, 11 AD3d 471 [2004]; cf. Matter of State-Wide Ins. Co. v Womble, 25 AD3d 713 [2006]). Therefore, the Supreme Court providently exercised its discretion in directing the appellant to

provide pre-arbitration discovery (*see State Farm Mut. Auto. Ins. Co. v Bautista, supra*).

The appellant's remaining contention is without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.