■ In the Matter of Fiveco, Inc., Doing Business as Mer's, Inc., Respondent, v Bruce Haber, Appellant. [839 NYS2d 535]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Bruce Haber appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 16, 2006, which granted the petition and denied his motion for legal fees.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the petition and substituting therefor a provision denying the petition; as so modified, the order is affirmed, with costs to Bruce Haber.

Unless a party makes an application for a stay of arbitration within the statutory 20-day period, CPLR 7503 (c) precludes it from seeking a judicial determination (*see Matter of Board of Educ., Yonkers City School Dist. v Olena Constr. Corp.,* 195 AD2d 458 [1993]; *Matter of Aetna Cas. & Sur. Co. v Jones,* 188 AD2d 597 [1992]). Having failed to move for a stay of arbitration within 20 days after service upon it of the demand for arbitration, Fiveco, Inc., doing business as Mer's, Inc. (hereinafter Fiveco), is now barred from obtaining such relief (*see Matter of Allstate Ins. Co. v Miles,* 280 AD2d 472 [2001]; *Matter of Worldwide Ins. Group v Wing,* 202 AD2d 682 [1994]; *Matter of Board of Educ., Yonkers City School Dist. v Olena Constr. Corp.,* supra).

Fiveco's reliance upon *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264 [1982]) in support of its contention that the Supreme Court was permitted to entertain its untimely petition to stay arbitration because the petition was premised on the claim that there was no valid agreement to arbitrate, is misplaced. *Matarasso* sets forth an exception to the strict limitation period of CPLR 7503 (3) under which a court may consider

an untimely application to stay arbitration where "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (*Matter of Matarasso, supra* at 266). Unlike the parties in *Matarasso*, both Fiveco and Haber were parties to the security agreement that contained the arbitration clause, and thus, Fiveco's petition to stay arbitration should have been denied as untimely (*see Matter of Board of Educ., Yonkers City School Dist. v Olena Constr. Corp., supra*).

Haber's remaining contention is without merit. Rivera, J.P., Spolzino, Fisher and Angiolillo, JJ., concur.