◼ In the Matter of PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant, v CYNTHIA JACKSON et al., Respondents. [853 NYS2d 652]—

On April 22, 2005 a car owned by the respondent Cynthia Jackson and insured by the petitioner Progressive Casualty Insurance Company (hereinafter Progressive) was involved in an accident with a car owned by the respondent Leonard Dinardo and allegedly insured by the respondent State Farm Mutual Automobile Insurance Company (hereinafter State Farm). However, State Farm had cancelled Dinardo's policy before the accident occurred. Contrary to Progressive's contention, the State Farm notice of cancellation was effective since it informed the insured of a means "via which the cancellation of his policy could be challenged" (*Matter of State Farm Mut. Auto. Ins. Co. [Ramos]*, 104 AD2d 495, 496 [1984]; *see Silverstein v Minkin*, 49 NY2d 260 [1980]; *Matter of Prudential Prop. & Cas. Ins. Co. v Rothman*, 116 AD2d 652 [1986]; *Matter of Lumbermens Mut. Cas. Co. v Medina*, 114 AD2d 959 [1985]). Accordingly, since there is otherwise no dispute that the State Farm cancellation notice contained all of the information required by Vehicle and Traffic Law § 313 and the New York Automobile Insurance Plan rules regarding cancellation of automobile insurance, the Supreme Court correctly refused to permanently stay arbitration of the uninsured motorist claim.

Under the circumstances of this case, it was also a provident exercise of the court's discretion to, in effect, deny that branch of the petition which sought the alternate relief of pre-arbitration discovery (*see Matter of State-Wide Ins. Co. v Womble*, 25 AD3d 713 [2006]; *Matter of New York Cent. Mut. Fire Ins. Co. v Gershovich*, 1 AD3d 364 [2003]). Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.