◼ In the Matter of PATRICK QUADROZZI, Respondent, v QUADROZZI CONCRETE CORP. et al., Appellants, et al., Respondents. [854 NYS2d 907]—In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of 10 closely-held corporations, three of which elected to purchase the petitioner's shares pursuant to Business Corporation Law § 1118, the three corporations, Quadrozzi Concrete Corp., Quadrozzi Equipment Leasing Corp., and Amstel Recycling and Concrete Corp. appeal, as limited by their notice of appeal and brief, from stated portions of an order of the Supreme Court, Queens County (Grays, J.), entered May 1, 2007, which, inter alia, granted those branches of the petitioner's motion which were to stay the valuation hearing pursuant to CPLR 2201 to the extent of staying the hearing for six months from service of the order with notice of entry, and to permit him to conduct certain discovery during trial.

Ordered that the appeal from so much of the order as granted that branch of the petitioner's motion which was to stay the valuation hearing to the extent of staying the hearing for six months from service of the order with notice of entry is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

By its terms, the temporary stay of the valuation hearing expired six months from service of the order with notice of entry. The record indicates that the order was served with notice of entry on May 18, 2007. Therefore, so much of the appeal as challenges the temporary stay must be dismissed as academic (*see Matter of State Farm Mut. Auto. Ins. Co. v Goldstein,* 34 AD3d 824 [2006]; *Matter of Coppola v Good Samaritan Hosp. Med. Ctr.,* 18 AD3d 749 [2005]).

The Supreme Court properly exercised its discretion in determining that unusual and unanticipated circumstances developed subsequent to the filing of a note of issue and certificate of readiness warranting the limited discovery requested from the petitioner (*see* 22 NYCRR 202.21 [d]; *Scanga v Family Practice Assoc. of Rockland, P.C.,* 41 AD3d 576, 577 [2007]). Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.