In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v CARLOS MENDOZA, Respondent. [893 NYS2d 146]—

On January 18, 2007, the respondent was involved in an automobile accident with two other cars. On January 30, 2007, he reported this to his insurer, the petitioner, Government Employees Insurance Company (hereinafter GEICO). On or about February 12, 2007, the respondent's attorney mailed GEICO a Notice of Intention to file an uninsured motorist claim. By letter dated February 20, 2007, GEICO informed respondent's attorney that it had reason to believe that the tortfeasor was insured by another insurance carrier.

GEICO and the respondent's attorney engaged in various communications over the next 15 months. From these communications, as late as April 22, 2008, GEICO believed that another insurance carrier had accepted liability for the losses due to the accident, that the respondent's attorney had agreed that this was correct, and that the respondent's attorney was going to withdraw any uninsured motorist claim.

However, on or about May 20, 2008, the respondent's attorney sent GEICO a formal request for uninsured motorist arbitration. After receiving that request, by letters dated May 29, 2008, and June 9, 2008, respectively, GEICO requested that the respondent furnish medical records and authorizations, and submit to physical examinations and an examination under oath, pursuant to the insurance policy (hereinafter the requested discovery). When the respondent did not comply, by petition dated June 10, 2008, GEICO commenced this proceeding to, in effect, temporarily stay the arbitration until the respondent complied with those demands. The Supreme Court denied the petition, and we reverse.

Where an insurer has ample time to seek discovery of its insured as provided for in an insurance policy, but unjustifiably fails to do so in that time, it is not entitled to a stay of arbitration (*see Matter of New York Cent. Mut. Fire Ins. Co. v Gershovich,* 1 AD3d 364, 365 [2003]; *Matter of Allstate Ins. Co. v Faulk,* 250 AD2d 674 [1998]; *Matter of Liberty Mut. Ins. Co. v DeCaro,* 244 AD2d 487 [1997]; *Matter of Allstate Ins. Co. v Urena,* 208 AD2d 623 [1994]; *Matter of Allstate Ins. Co. v Nebedum,* 208 AD2d 624 [1994]). In contrast, where an insurer presents a justifiable excuse for its failure to seek such discovery, a temporary stay of arbitration will be granted in order to allow the insurer to obtain the information sought (*see Matter of State Farm Mut. Auto. Ins. Co. v Goldstein,* 34 AD3d 824 [2006]; *Matter of Liberty Mut. Ins. Co. v Almeida,* 266 AD2d 547 [1999]; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Keeney,* 241 AD2d 455 [1997]; *Matter of Motor Veh. Acc. Indem. Corp. [Lucash],* 16 AD2d 975 [1962]).

Here, the Supreme Court erred in denying the petition, as the insurer provided a justifiable reason for its failure to timely seek the requested discovery. The parties were involved in good faith communications regarding liability for the accident, and the insurer reasonably relied on the assurances by the respondent's attorney that a different insurance carrier was accepting liability for the losses suffered in the accident, and that he was not planning on making an uninsured motorist claim. Accordingly, the arbitration should have been stayed until the respondent complied with the requested discovery (*see Matter of Liberty Mut. Ins. Co. v Almeida,* 266 AD2d 547 [1999]; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Keeney,* 241 AD2d 455 [1997]; *Matter of Motor Veh. Acc. Indem. Corp. [Lucash],* 16 AD2d 975 [1962]; *see also Matter of State Farm Mut. Auto. Ins. Co. v Goldstein,* 34 AD3d 824 [2006]).

The respondent's remaining contentions are without merit. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.