Matter of Government Empls. Ins. Co. v Eser (2023 NY Slip Op 01999)

Matter of Government Empls. Ins. Co. v Eser

2023 NY Slip Op 01999

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-03321
 (Index No. 618633/20)

[*1]In the Matter of Government Employees Insurance Company, respondent, 
v
Anne E. Eser, appellant.

Mark A. Musachio, Deer Park, NY (Robert J. Hayden of counsel), for appellant.
Gail Lauzon, Hicksville, NY (Susan J. Mitola of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, in effect, to temporarily stay arbitration of an uninsured motorist claim pending the completion of certain discovery, Anne E. Eser appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 29, 2021. The order granted the petition and temporarily stayed the arbitration.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
The appellant, Anne E. Eser, was involved in a motor vehicle accident on December 13, 2019. On January 6, 2020, Eser reported the accident to her insurer, the petitioner, Government Employees Insurance Company (hereinafter GEICO), and on January 10, 2020, notified GEICO that she would be making a claim for uninsured motorist benefits under the policy. Eser provided GEICO with medical records and authorizations to obtain medical records. GEICO responded by letters dated January 10, 2020, January 17, 2020, and May 29, 2020, advising first that it had reason to believe that the other vehicle involved in the accident was insured, and then that it was investigating whether the other vehicle was insured. By letter dated August 28, 2020, GEICO denied the claim, concluding, upon review of the medical records, that Eser did not suffer from a "serious injury" as defined by Insurance Law § 5102(d).
On November 10, 2020, Eser served a demand for arbitration of her uninsured motorist claim. GEICO thereafter commenced the instant proceeding, in effect, to temporarily stay arbitration of the claim pending the completion of a physical examination and an examination under oath. By order dated March 29, 2021, the Supreme Court granted the petition and temporarily stayed the arbitration. Eser appeals.
"Where an insurer has ample time to seek discovery of its insured as provided for in an insurance policy, but unjustifiably fails to do so in that time, it is not entitled to a stay of arbitration" (Matter of Govt. Employees Ins. Co. v Mendoza, 69 AD3d 623, 625; see Matter of Encompass Indem. Co. v Rich, 131 AD3d 476, 479; Matter of Progressive N. Ins. Co. v Foss, 96 AD3d 855; Matter of State-Wide Ins. Co. v Womble, 25 AD3d 713, 713-714). "In contrast, where an insurer presents a justifiable excuse for its failure to seek such discovery, a temporary stay of arbitration will be granted in order to allow the insurer to obtain the information sought" (Matter of [*2]Govt. Employees Ins. Co. v Mendoza, 69 AD3d at 625).
Here, GEICO had ample time after being notified of Eser's claim to seek a medical examination and an examination under oath, but failed to do so. Moreover, it denied the claim, apparently concluding that the medical records were sufficient to determine that Eser did not sustain a serious injury. GEICO offered no excuse for its failure to request a physical examination and an examination under oath. Instead, GEICO represented to the Supreme Court that it had requested the examinations, pointing to the letters dated January 10, 2020, January 17, 2020, and May 29, 2020. Contrary to GEICO's assertion, however, it did not request examinations in those letters, but, rather, merely advised Eser that if it ultimately determined that the other vehicle was uninsured, it "may require [her] to submit to physical examinations and/or Examination(s) Under Oath" (see Matter of State-Wide Ins. Co. v Womble, 25 AD3d at 713). Since GEICO had ample time to seek this discovery of Eser, but unjustifiably failed to do so, it was not entitled to a stay of arbitration in order to conduct the examinations (see Matter of Encompass Indem. Co. v Rich, 131 AD3d at 479; Matter of Progressive N. Ins. Co. v Foss, 96 AD3d at 855; Matter of State-Wide Ins. Co. v Womble, 25 AD3d at 714).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court