Matter of Government Empls. Ins. Co. v Vargas (2025 NY Slip Op 51798(U))

[*1]

Matter of Government Empls. Ins. Co. v Vargas

2025 NY Slip Op 51798(U)

Decided on November 14, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through November 19, 2025; it will not be published in the printed Official Reports.

Decided on November 14, 2025
Supreme Court, Kings County

In the Matter of the Application of Government Employees Insurance Company, Petitioner,

against
Anthony Vargas, Respondent, and HEREFORD INSURANCE COMPANY AND MOHMMED K. KHAN, Proposed Additional Respondents.

Index No. 534420/2025

Aaron D. Maslow, J.

The following numbered papers were read on this petition: NYSCEF Document Numbers 1-12.
Upon the foregoing papers, the Court having elected to determine the within petition on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within petition seeking a stay of uninsured motorist (UM) arbitration is determined as follows.
" 'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay' (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680 [2018] [internal quotation marks omitted]; see Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336 [2010]). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865 [2015]). "Where a triable issue of [*2]fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003 [2013])." (Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1188-1189 [2d Dept 2020.)
Here, Petitioner demonstrates that Respondent filed a request for UM arbitration pertaining to an June 4, 2023 motor vehicle accident, and that it served the petition herein within the requisite 20 days. Petitioner alleged:
The Demand for Arbitration alleges that the respondent sustained injuries in an accident on June 4, 2023, allegedly involving an uninsured motorist, Mohammed Khan. Mohammed Khan was the owner of the offending vehicle. An ISO report which was conducted by the Petitioner and received on June 21, 2023, demonstrates that Mohammed Khan was involved in an accident on June 4, 2023 with the claimant, Anthony Vargas, and that Mr. Khan's vehicle was actively insured by Hereford Insurance Company on the date of loss. (A copy of the ISO Report detailing active coverage for Mohammed Khan is annexed as Exhibit "B"). The document correctly lists the date of loss, the location of the accident, the claimant's involvement, the policy and claim numbers attributed to Mr. Khan's vehicle and the accident. (NYSCEF Doc No. 1 ¶ 5.)
Also alleged is, "The petitioner, therefore, submits that the respondent has not fully complied with the condition precedent, to wit, proof that the offending vehicle was in fact 'uninsured', and may not proceed to arbitration" (Id. ¶ 7).
Respondent asserted, "Petitioner offers no evidence to meet their burden of showing prima facie existence of insurance coverage" (NYSCEF Doc No. 8 ¶ 6).
GEICO's motion papers contain several deficiencies. The petition contains allegations apparently made by GEICO's counsel based on information and belief. While the petition is verified by counsel, he does not state that he has personal knowledge of the contents and accuracy of the referenced ISO report (see Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335 [2d Dept 2010]). Further, there is nothing presented to properly authenticate the submitted ISO report as an admissible business record. As such, it is inadmissible and must be disregarded (see CPLR 4518 (c); Peerless Insurance Company v. Milloul, 140 AD2d 346 [2nd Dept 1988]).
Petitioner could have submitted an affidavit from an investigator showing that the tortfeasor had coverage (see Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936 [2d Dept 2023], or a certified police report a license plate search (see Government Empls. Ins. Co. v Enriquez, 231 AD3d 724 [2d Dept 2024]; Yassin v Blackman, 188 AD3d 62 [2d Dept 2020]; Cheul Soo Kang v Violante, 60 AD3d 991 [2d Dept 2009]), for instance. It did not do so. It did not even submit a copy of the subject insurance policy (see infra).
Therefore, that branch of the petition seeking to stay arbitration to assess the existence of other insurance must be denied (see Government Empls. Ins. Co. v Bruk, 82 Misc 3d 1247[A], 2024 NY Slip Op 50558[U] [Sup Ct, Kings County 2024]).
Petitioner also seeks discovery from Respondent in the event the matter proceeds to arbitration. It asserted:
9. Finally, under the petitioner's policy, the respondent is required to furnish the petitioner with a copy of all relevant medical records and authorizations, and to submit to [*3]an examination under oath and physical examinations prior to proceeding to arbitration. (See, page 14, paragraphs 2 and 3 of the petitioner's policy entitled "Conditions", annexed as Exhibit "D").
10. Accordingly, if it is determined after a hearing that the respondent is entitled to proceed to arbitration under the petitioner's policy, it is requested that respondent be directed to furnish petitioner with the disclosure required under the insurance contract. (NYSCEF Doc No. 1 ¶¶ 9-10.)
However, Petitioner has failed to inform the Court when the claim for UM benefits was submitted. While it provided the date that the request for arbitration was received, nothing here evidences whether a UM claim was submitted recently or earlier in time. The significance is that if the claim was submitted sufficiently earlier in time, then Petitioner has failed to demonstrate that it sought discovery which went unprovided. When there is ample time to obtain discovery of a UM claim and the insurer fails to seek it, it may not obtain it thereafter via a CPLR Article 75 proceeding to stay arbitration (see Matter of Government Empls. Ins. Co. v Eser, 215 AD3d 837 [2d Dept 2023]; Matter of Encompass Indem. Co. v Rich, 131 AD3d 476, 479 [2d Dept 2015]; Matter of State-Wide Ins. Co. v Womble, 25 AD3d 713 [2d Dept 2006]; Matter of Government Empls. Ins. Co. v Rosenfarb, 306 AD2d 478 [2d Dept 2003]; Matter of Allstate Ins. Co. v Miles, 280 AD2d 472 [2d Dept 2001]; Matter of Allstate Ins. Co. v Faulk, 250 AD2d 674 [2d Dept 1998]; Matter of Allstate Ins. Co. v Urena, 208 AD2d 623 [2d Dept 1994]).
In any event, the statement by counsel in paragraph 9 of the petition is belied by the fact that there is no Exhibit D submitted.
Not having established that it sought discovery which was not provided and not having submitted a copy of the subject policy, that branch of the petition seeking to stay arbitration for the purposes of obtaining discovery (see NYSCEF Doc No. 1 ¶ 9) must be denied.
Accordingly, it is hereby ORDERED and ADJUDGED that the petition herein is denied and the special proceeding is dismissed. The Clerk shall enter judgment accordingly.