(June 11, 1992)

■ GLOBE FOOD SERVICES CORP., Respondent, et al., Plaintiff, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.—Judgment, Supreme Court, New York County (William J. Davis, J.), entered March 27, 1991, which, upon jury verdict, awarded plaintiff Globe Food Services Corp. $636,419, plus interest, costs and disbursements, for a total of $1,081,875.74, unanimously affirmed, with costs.

Plaintiff Globe Food Services Corp. provided food and labor and ran employee cafeterias and executive dining rooms, as well as newspaper stands, vending machines and special functions, at various of defendant Con Edison's locations for approximately 25 years, until terminated by defendant in the fall of 1984. In the time relevant to this action, the relationship was governed by two successive contracts, the first running from June 1, 1979 through May 31, 1982 and the second from June 1, 1982 through May 31, 1985. Each contract contained an initial list of approved prices that plaintiff was permitted to charge defendant's employees. While plaintiff could propose price changes, such were subject to defendant's approval to be given, if warranted, within 45 working days

after receiving supporting information. Price changes were not tied to plaintiff's profit or loss, overall or at any particular location, but rather were pegged to plaintiff's food and labor costs. Plaintiff presented evidence at trial that defendant simply failed to respond to four sets of price increases it proposed in 1980-81 and approved very limited price increases in response to its August 1983 and May 1984 proposed price increases, despite internal memoranda prepared by defendant's representatives verifying substantial cost increases. Further, defendant approved a broad price increase on November 13, 1984, which, however, was 21 days after it had notified plaintiff that it was terminating the contract and only 8 days prior to the effective date of that termination. Plaintiff's expert witness on damages testified that, based upon her comparative calculations of the prices actually charged by plaintiff on 107 menu items and those that would have been charged had plaintiff's proposed price increases been approved, plaintiff lost $1,272,841 in revenues. Although defendant attacks plaintiff's expert's methodology on various grounds, we find the evidence sufficiently supports plaintiff's cause of action for breach of contract and the jury's verdict (see, *Duane Jones Co. v Burke*, 306 NY 172, 192 [1954]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]).

Defendant also contends, as it did in various motions ultimately denied by the trial court, that the provision of the later contract that "[t]his contract shall replace all prior agreements between Globe and Con Edison" extinguished any claim plaintiff might have for breach of the earlier contract. The trial court properly rejected this contention in the absence of more definitive language such as that contained in contracts held to have such an effect as a matter of law, e.g., " 'a revocation and cancellation of the prior agreement' " *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 289 [1973]), " 'supersedes' " any prior agreement *(Citigifts, Inc. v Pechnik*, 112 AD2d 832, 833 [1985], *affd* 67 NY2d 774 [1986]), " 'in lieu of and shall supersede' " any prior agreements *(Northville Indus. Corp. v Fort Neck Oil Terms. Corp.*, 100 AD2d 865, 866 [1984], *affd* 64 NY2d 930 [1985]). Whether a discharge is effected "depends on the intention of the parties, deduced from the documents and the circumstances of their execution" *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d, *supra*, at 292). Here, both the contract language and the circumstances are ambiguous. At the time the later contract was executed, there was no outstanding dispute concerning the import of the earlier con-

tract and the later contract did not deal with precisely the same subject matter as the earlier contract. Thus, extrinsic evidence indicating that in 1984 defendant audited plaintiff's operations for a period extending back to January 1, 1982, thereby including a period within the term of the earlier contract and suggesting that defendant may have previously taken an inconsistent view of the provision that it had drafted in the first instance, was properly admissible.

We have reviewed defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.