■ In the Matter of CONTINENTAL STOCK TRANSFER & TRUST COMPANY, Respondent, v SHER-DEL TRANSFER & RELOCATION SERVICES, INC., Appellant. [750 NYS2d 8] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered on or about March 21, 2002, which granted the petition to permanently stay arbitration, unanimously affirmed, with costs.

Supreme Court properly found that petitioner was not bound to arbitrate the dispute over respondent mover's claim for additional compensation based on the arbitration clause on the reverse side of the bills of lading that petitioner's representative signed each time the mover made a delivery of petitioner's office effects to petitioner's new location. While parties are ordinarily bound by agreements they sign since they are presumed to have read them, here there was no express or unequivocal agreement to arbitrate the parties' dispute (*see generally Matter of Marlene Indus. [Carnac Textiles]*, 45 NY2d 327, 333). The parties clearly understood themselves to be bound by a "proposal" letter agreement executed by the mover and apparently delivered to the customer before the work was to be performed. This agreement did not contain an arbitration clause, and for the parties to have made a major modification of such agreement by the expedient of an arbitration clause appearing on the back of bills of lading would not be consonant with the basic rule of contract law that requires a clear expression of intention, best manifest in the language of the later writing, that the subsequent agreement supersedes the prior one (*see Matter of J.J.'s Mae v Warshow & Sons*, 277 AD2d 128 [under UCC art 2]; *Globe Food Servs. v Consolidated Edison Co.*, 184 AD2d 278, 279; *Northville Indus. Corp. v Fort Neck Oil Terms. Corp.*, 100 AD2d 865, 867, *affd* 64 NY2d 930).

We have considered respondent's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.