■ THOMAS KIELICH et al., Respondents-Appellants, v ANDREW ROMANOWSKI, Individually and Doing Business as ALLIANCE HOMES, Defendant, and ALLIANCE CONSTRUCTION OF WESTERN NEW YORK, INC., Appellant-Respondent. [824 NYS2d 518]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered February 1, 2006. The order, among other things, granted plaintiffs' motion to stay arbitration and vacate the demand for arbitration and denied in part defendants' cross motion to compel arbitration and stay the action or in the alternative for an extension of time to serve an answer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in its entirety that part of the cross motion seeking a stay of the action and vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiffs entered into a contract with defendant Alliance Construction of Western New York, Inc. (Alliance) for the construction of a new home in March 2003. The contract contains an express limited warranty, with no provision for arbitration. In July 2003, plaintiffs signed that part of Alliance's application for an insured home warranty indicating their approval of the issuance of such warranty and reciting that they consented to the binding arbitration provision therein.

By their amended complaint, plaintiffs allege that the home contains various construction defects, for which they seek damages from Alliance on theories of, inter alia, breach of contract and breach of the original contractual warranty. Alliance served a demand for arbitration; plaintiffs moved to stay the arbitration and vacate the demand, and defendants cross-moved to compel arbitration and stay the action or in the alternative for an extension of time to serve an answer. Supreme Court granted plaintiffs' motion, denied that part of defendants' cross motion seeking to compel arbitration, granted that part of defendants' cross motion seeking a stay of the fraudulent inducement cause of action against defendant Andrew Romanowski personally and granted that part of defendants' cross motion seeking an extension of time to serve an answer. This appeal and cross appeal ensued.

We conclude that, in view of the representation of Alliance to plaintiffs in its letter forwarding the insured warranty applica-

tion for plaintiffs' approval that the insured warranty would be "in addition to the Alliance Homes warranty included in your contract," Alliance has failed to establish "the requisite clear and unambiguous expression that the parties intended to mandate arbitration of their dispute" with respect to the contractual warranty (*Muriel Siebert & Co., Inc. v Intuit, Inc.*, 11 AD3d 415, 415 [2004], *lv denied* 4 NY3d 819 [2005]; *see Matter of Continental Stock Transfer & Trust Co. v Sher-Del Transfer & Relocation Servs.*, 298 AD2d 336 [2002]; *General Ry. Signal Corp. v Comstock & Co.*, 254 AD2d 759 [1998], *lv dismissed* 93 NY2d 881 [1999]; *see also Globe Food Servs. Corp. v Consolidated Edison Co. of N.Y.*, 184 AD2d 278, 279 [1992]). The court thus properly granted plaintiffs' motion and denied that part of defendants' cross motion seeking to compel arbitration.

We conclude, however, that the court erred in granting that part of defendants' cross motion seeking a stay of the fraudulent inducement cause of action against Romanowski. Inasmuch as the court properly vacated the demand for arbitration and granted the alternative request of defendants for an extension of time to serve an answer, it should have denied in its entirety that part of their cross motion seeking a stay of the action. We therefore modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Kehoe and Green, JJ.