Hyuncheol Hwang v Mirae Asset Sec. (USA) Inc. (2018 NY Slip Op 06485)





Hyuncheol Hwang v Mirae Asset Sec. (USA) Inc.


2018 NY Slip Op 06485


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Manzanet-Daniels, J.P., Tom, Webber, Oing, JJ.


7199N 652288/17 1020/18

[*1] Hyuncheol Hwang, Plaintiff-Respondent,
v
Mirae Asset Securities (USA) Inc. (formerly known as Daewoo Securities [America] Inc.), et al., Defendants-Appellants.


Barton LLP, New York (Randall L. Rasey of counsel), for appellants.
Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 1, 2018, which granted plaintiff's motion to stay arbitration, and denied defendant Mirae Asset Securities (USA) Inc.'s cross motion to compel arbitration, unanimously reversed, on the law, without costs, the motion to stay arbitration denied, and the motion to compel arbitration granted.
After he and defendant Mirae Asset Securities (USA) Inc. had entered into an employment agreement which contained a forum selection clause, plaintiff executed a "Uniform Application for Securities Industry Registration or Transfer" (Form U-4), which contains an arbitration provision. We find that the Form U-4 supersedes the employment agreement and therefore that the parties' dispute must be arbitrated.
This dispute is governed by state contract law principles (see Credit Suisse First Boston Corp. v Pitofsky, 4 NY3d 149, 158 n 2 [2005]). The first principle is that "a subsequent contract regarding the same matter will supersede the prior contract" (see Applied Energetics, Inc. v NewOak Capital Mkts., LLC, 645 F3d 522, 526 [2d Cir 2011]). The determination whether a subsequent agreement is superseding is fact-driven (see Blumenfeld Dev. Group, Ltd v Forest City Ratner Cos., LLC, 50 Misc 3d 1221[A], 2016 NY Slip Op 50188[U], *6 [Sup Ct, Nassau County 2016], analyzing cases). Plaintiff's execution of a valid U-4 Form constituted an agreement to limit his contractual remedies when he signed the U-4 Form (see Kanuth v Prescott, Ball & Turben, Inc., 1988 WL 90392, *3 [D DC 1988]). The U-4 Form encompasses the same employment-related disputes as were addressed in the employment agreement. Thus, the forum selection clause was
effectively extinguished (see Globe Food Servs. Corp. v Consolidated Edison Co. of N.Y., 184 AD2d 278, 279 [1st Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK