Top On Intl. Group Ltd. v Iconix Brand Group, Inc. (2019 NY Slip Op 01354)





Top On Intl. Group Ltd. v Iconix Brand Group, Inc.


2019 NY Slip Op 01354


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


652238/17 8506A 8506

[*1] Top On International Group Limited, Plaintiff-Appellant,
v
Iconix Brand Group, Inc., et al., Defendants-Respondents.


Lazarus & Lazarus, New York (Harlan M. Lazarus of counsel), for appellant.
Meister Seelig & Fein LLP, New York (Jeffrey P. Weingart of counsel), for respondents.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered October 10, 2018, dismissing the complaint seeking a declaratory judgment, unanimously modified, on the law, the complaint reinstated, and the Clerk is directed to enter judgment declaring that plaintiff is not owner of 49% of defendant Hydraulic, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 13, 2017, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In a letter agreement entered into between plaintiff and defendant Iconix Brand Group, Inc., and acknowledged and agreed to by defendant Icon DE Holdings, LLC and nonparty Apex Brands International, plaintiff agreed to provide security for Apex's obligations to pay minimum royalties of $9 million per year under a separate license agreement with Icon DE. The letter agreement provided that, if the license agreement were terminated by Icon DE, then Iconix would have the right to transfer plaintiff's interests in defendant Hydraulic IP Holdings, LLC to itself until all amounts due under the license agreement had been paid in full. Apex defaulted in its payment obligations under the license agreement. It then entered into a settlement agreement with Icon DE in which the parties agreed that the license agreement would be terminated, that, in lieu of its obligations under the license agreement, Apex would pay $500,000, and that in the event of Apex's default, Icon DE would be entitled to pursue the minimum royalty payments due under the license agreement. Upon Apex's failure to pay amounts due under the settlement agreement, Iconix exercised its right under the letter agreement to transfer plaintiff's interest in Hydraulic until Apex fulfilled its obligation under the license agreement.
Contrary to plaintiff's arguments, the settlement agreement between Icon DE and Apex did not supersede or terminate the letter agreement, because it does not contain any "clear expression of intention" that it do so (Matter of Continental Stock Transfer & Trust Co. v Sher-Del Transfer & Relocation Servs. , 298 AD2d 336, 336 [1st Dept 2002]). The merger clause in the settlement agreement pertains specifically to agreements "between Licensor and Licensee," i.e., Icon DE and Apex, and makes no reference to plaintiff, Iconix, or the letter agreement.
To the extent the letter agreement created a principal-surety contract between plaintiff and Icon DE, plaintiff's obligation was not discharged by the subsequent settlement agreement, in which Icon DE exercised "indulgence or leniency" concerning the debt due under the license agreement (see Bier Pension Plan Trust v Estate of Schneierson , 74 NY2d 312, 316 [1989]; Aetna Cas. & Sur. Co. v LFO Constr. Corp. , 207 AD2d 274, 276-277 [1st Dept 1994]).
The plain terms of the letter agreement do not demonstrate any intent by the parties to make unilateral termination of the license agreement by Icon DE a condition precedent to Iconix's right to transfer plaintiff's interest in Hydraulic (see Unigard Sec. Ins. Co. v North Riv. Ins. Co. , 79 NY2d 576, 581 [1992]).
We have considered plaintiff's remaining arguments and find them unavailing.
Because this declaratory action was resolved on the merits, defendants are entitled to a declaration in their favor, rather than dismissal of the complaint (Maurizzio v Lumbermens Mut. Cas. Co. , 73 NY2d 951, 954 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK