■ Paul Schmidt et al., Appellants-Respondents, v Fleet Bank et al., Defendants, and Republic National Bank of New York, Respondent-Appellant. [719 NYS2d 855] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered May 24, 2000, which, upon the prior grant of defendant Republic National Bank's motion for summary judgment, dismissed the complaint as against it, unanimously affirmed, without costs. Cross appeal from the same judgment unanimously dismissed, without costs, on the ground that defendant is not aggrieved by it.

Since we affirm in this case and in *Feinstein v Fleet Bank* (280 AD2d 260 [decided herewith]) based upon the lack of merit in plaintiffs' claims, we need not address the issue of whether Judiciary Law § 497 (7) (a) provides the bank with a blanket release with respect to IOLA accounts. We find, as did the motion court, that there is no evidence raising a question of fact as to whether or not "the bank, with knowledge of the fiduciary's diversion of trust funds, accept[ed] such funds in payment of a personal obligation owed by the fiduciary to the bank * * * or the bank otherwise has actual knowledge or notice that a diversion is to occur or is ongoing" (*see, Home Sav. v Amoros*, 233 AD2d 35, 39). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.

■ Norman Feinstein, Appellant-Respondent, v Fleet Bank et al., Defendants, and Republic National Bank of New York, Respondent-Appellant. [719 NYS2d 854] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered May 24, 2000, which, upon the prior grant of defendant Republic National Bank's motion for summary judgment, dismissed the complaint as against it, unanimously affirmed, without costs. Cross appeal from the same judgment unanimously dismissed, without costs, on the ground that defendant is not aggrieved by it.

As in *Schmidt v Fleet Bank* (280 AD2d 260 [decided herewith]), we need not decide whether this action is barred by Judiciary Law § 497 (7) (a), because plaintiffs have not raised questions of fact based on their allegations (*see, Home Sav. v Amoros*, 233 AD2d 35, 39). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.