Burke & Sullivan, PLLC v JP Morgan Chase Bank (2021 NY Slip Op 00288)





Burke & Sullivan, PLLC v JP Morgan Chase Bank


2021 NY Slip Op 00288


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-11632
 (Index No. 606557/16)

[*1]Burke & Sullivan, PLLC, appellant, 
v
JP Morgan Chase Bank, respondent, et al., defendants.


Michael G. Walsh, Water Mill, NY (Kelly A. Doyle of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Ronald M. Neumann and Bruce S. Goodman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered October 6, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant JP Morgan Chase Bank which were pursuant to CPLR 3211(a) to dismiss the ninth cause of action insofar as asserted against it and the eleventh and thirteenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2016, the plaintiff commenced this action against, among others, the defendant JP Morgan Chase Bank (hereinafter Chase) to recover damages, among other things, for fraud, conversion, and negligence. Thereafter, Chase moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it, and in an order entered October 6, 2017, the Supreme Court, inter alia, granted Chase's motion. The plaintiff appeals from so much of the order as granted those branches of Chase's motion which were to dismiss the ninth cause of action insofar as asserted against it and the eleventh and thirteenth causes of action.
We agree with the Supreme Court's determination dismissing the eleventh and thirteenth causes of action, alleging negligence against Chase, as Chase established as a matter of law that it was not the proximate cause of the plaintiff's alleged damages (see Davis Aircraft Prods. Co. v Bankers Trust Co., 36 AD2d 705, 705; see also McCoy v Bankers Fed. Sav. & Loan Assn., 131 AD2d 646, 649).
We also agree with the Supreme Court's determination dismissing the ninth cause of action insofar as asserted against Chase, alleging aiding and abetting fraud, as the amended complaint failed to comply with the heightened pleading requirements for such a cause of action (see CPLR 3016[b]; Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141).
The parties' remaining contentions either are without merit or need not be reached in light of our determination (see Schmidt v Fleet Bank, 280 AD2d 260).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court