**Breiterman v 89th & Madison Owners Corp.**

2025 NY Slip Op 30176(U)

January 16, 2025

Supreme Court, New York County

Docket Number: Index No. 151146/2023

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**                          PART                58

*Justice*

-----------------------------------------------------------------------------X

CHARLES BREITERMAN, SEYMOUR BREITERMAN,

Plaintiffs,

- v -

89TH & MADISON OWNERS CORP., ALLIED PARTNERS MANAGEMENT LLC, ROSE ASSOCIATES, INC.,ALLIED PARTNERS RESIDENTIAL MANAGEMENT LLC

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151146/2023 |
| MOTION DATE | 10/18/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion to/for                               DISMISS                               .

Plaintiffs, father and son, live in a rent-controlled apartment in a condominium building, at 45 East 89th Street in Manhattan, New York (the premises).  As set forth below, they sue defendants on account of construction noise associated with the renovation of other apartments in the premises, asserting claims for trespass, negligence, nuisance, and breach of the covenant of quiet enjoyment, among others.

Defendants move for an order dismissing the action, which plaintiffs oppose.

## I.     AMENDED COMPLAINT (NYSCEF 9)

Plaintiff Charles Breiterman is the son of Seymour Breiterman, the leaseholder of Apartment 24B at the premises (NYSCEF No. 9, ¶¶1-4).  While both are plaintiffs, the core allegations in the complaint pertain primarily to Charles Breiterman, who will be referred to below as plaintiff (*id.* at ¶¶ 36, 38).  During the time period at issue in this action, plaintiff was

[* 1]

studying for a PhD in American Studies (*id.* at ¶¶ 37, 101), and during the COVID-19 pandemic, his study was primarily confined to his apartment.

Defendants are the building corporation (89th & Madison Building Corp.), the building's management company (the two Allied Partners entities) and the owner of plaintiffs' apartment and approximately 40 other rental apartments in the building (Rose Associates, Inc.) (*id.* at ¶¶ 5-10).

Plaintiff alleges that in March 2021, as the COVID lockdown began to ease, there was construction work performed on Apartments 25C, 27AB, 30AB, 30C in the premises (*id.* at ¶ 13), and in 24C beginning in January 2022, "a complete demolition and renovation" on his apartment's floor, which was "so loud it was like living next to a heard [sic] of stampeding elephants" (*id.* at ¶ 37), which disrupted and delayed his PhD dissertation studies.

Based on the alleged noise and disruption from the construction in the premises, plaintiff alleges "the building has allowed far too much renovation and interior demolition," which "have constituted a substantial interference in the ability of plaintiff to do quiet intellectual work in his home" (*id.* at 145). Plaintiff maintains that defendants' conduct thus violated his covenant of quiet enjoyment.

On February 8, 2022, plaintiff alleges he went to 24C, knocked on the door, and when there was no answer, he opened the door and stood on the door saddle to record the noise. He admits that he "opened the door and started yelling" (*id.* at ¶¶ 50, 58), and that "the intense level of frustration [he] felt due to not being able to work on his PhD prospectus and the incredibly loud noise caused [him] to crack" (*id.* at ¶ 57).

Approximately 10 minutes later, the building's resident manager, Rudy Mercado, entered plaintiff's apartment to admonish plaintiff that he could not go into another apartment or behave

[* 2]

the way he did (*id.* at ¶ 63). While plaintiff admits that the door to his apartment was open when Mercado entered because of other work that was ongoing, he nevertheless asserts that Mercado's entry constituted an unlawful trespass (*id.* at ¶ 65, 67).

Subsequently, the building's attorneys sent plaintiff a "cease and desist" letter, which he claims grossly exaggerated his behavior in entering 24C (*id.* at ¶¶ 79-88), and constitutes defamation. Plaintiff contends that the letter was published when it was sent to his landlord, Rose Associates (*id.* at ¶ 81).

Plaintiff also alleges that the defendants failed to post two notices, the Safe Construction Bill of Rights (NYC Ad. Code Section 27-2009.2[b][1] *et seq.*), and the Notice of Tenant Protection Plan (NYC Ad. Code Section 28-120.1.3 *et seq.*), which inform tenants whom to contact concerning issues at the premises, including construction noise complaints such as those at issue here (*id.* at ¶¶ 120-32). Plaintiff asserts a negligence claim based on this failure, alleging that he had "a kind of mental breakdown" and "was unable to get his PhD work done, therefore unable to meet a crucial deadline on his PhD program and was terminated from the program. That course of events is the main cause of damages" (*id.* at ¶ 132).

The relief that plaintiff seeks for these alleged wrongs include an injunction retracting the alleged defamatory letter; an injunction requiring the transfer of Mercado to other employment; compensation, "at reasonable attorney's rates," for time spent drafting responses to the "cease and desist" letter, researching various Code, and arranging and waiting for Building Department inspections requested by him; an injunction requiring that defendants "work with plaintiff to develop a plan to minimize noise in the building going forward"; and damages "for the extreme stress" he allegedly suffered, which "shortens ones [sic] life span and quality of life," and

[* 3]

INDEX NO. 151146/2023
RECEIVED NYSCEF: 01/16/2025

including having been "denied an important life goal of earning a PhD" which caused his "entire sense of who he is [to] be dramatically negatively affected for the rest of his life" (*id.* at 155-68).

## II. LEGAL ANALYSIS

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the relevant pleading is to be afforded a liberal construction, and the Court must accept the facts alleged therein as true, accord plaintiff the benefit of every possible favorable inference and determine whether the facts alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83 [1994]).

### A. Trespass claim

A claim for trespass requires a showing that a person, without justification or permission, intentionally entered another person's property (*SJWA LLC v Father Realty Corp.*, 221 AD3d 552 [1st Dept 2023]).

Even if plaintiff's apartment door was open, plaintiff sufficiently pleads that Mercado entered his apartment without justification or permission, thereby stating a claim for trespass. Defendants' allegations that plaintiff's father permitted Mercado to enter or that the entry was justified by plaintiff's behavior or Mercado's duties as the building manager, are disputed by plaintiff, and thus insufficient to support dismissal of the claim.

As a showing of actual damage resulting from the trespass is not required, defendants' arguments that the claim should be dismissed as plaintiff suffered no damage have no merit (*see Shrage v Con Edison Co.*, 216 AD3d 1023 [2d Dept 2023] [even if trespass is de minimis and no actual injury resulted, plaintiffs entitled to nominal damages]).

B.     Defamation claim

Plaintiff asserts a claim for defamation based on the letter sent to him by counsel following the incident on February 8, 2022, claiming that the facts asserted therein were exaggerated to the point of falsity.  Defendants argue that the facts in the letter are true and thus privileged.  They also maintain that the letter does not meet the "publication" requirement for a claim of defamation or libel.

For a statement to be defamatory, it must be published to a third party, and plaintiff asserts that the publication was made to his landlord, Rose Associates.  However, a privilege exists for publication to multiple parties who share a common interest in the subject matter (*DiColby v Syracuse Univ.*, 191 AD3d 425 [1st Dept 2021]; *Ashby v ALM Media, LLC*, 110 AD3d 459 [1st Dept 2013]).

As a landlord that owns apartments in a building undoubtedly shares a common interest in the management and security of the building and behavior of its tenants with the corporation that owns and manages the same building, defendants' letter is privileged (*see e.g., Harpaz v Dunn*, 203 AD3d 601 [1st Dept 2022] [board president and attendees of board meeting shared common interest and thus alleged defamatory statements made by president about plaintiff board treasurer were privileged]; *Mughetti v Makowski*, 162 AD3d 1444 [3d Dept 2018] [common interest between manager and employees regarding company's management]; *Burns v Palazola*, 22 AD3d 779 [2d Dept 2005] [statements in letter were not defamatory as defendant's supervisor shared reason for plaintiff's termination with two people in management]), and thus defendants established that their letter was not defamatory.

In light of this result, there is no need to consider defendants' other arguments on this claim.

## C. Negligence claim

Plaintiff also brings a claim for negligence, for the building's failure to post two required City notices regarding tenant protection during building construction. Plaintiff alleges that the building was issued two summonses for that failure in May of 2021, one of which was sustained and one of which was dismissed for failure to name and serve the proper party. He maintains that defendants' negligence caused him damages.

Defendants argue that they had no duty to plaintiff related to the notices, and that a failure to comply with a contractual obligation, standing alone, is insufficient to prove negligence. They also contend that plaintiff failed to prove he sustained damages related to their alleged negligence.

A negligence claim requires a showing of: (1) a duty of care owed to the plaintiff by the defendant; (2) the breach of that duty; and (3) that plaintiff suffered injury as a proximate result of the breach of duty (79 NY Jur 2d, Negligence 12 [2024]). The alleged injury must have been proximately caused by the breach (*Cavosie v Hussain*, 215 AD3d 837 [3d Dept 2023]), and the alleged damages must be non-speculative (*Reale v Sotheby's, Inc.*, 278 AD2d 119 [1st Dept 2000]).

Here, plaintiff alleges no non-speculative damages or injuries that were or could have been caused by defendants' failure to post the notices, and thus fails to state a claim for negligence (*see e.g. Burke & Sullivan, PLLC v JP Morgan Chase Bank*, 190 AD3d 814 [2d Dept 2021] [court properly dismissed negligence claim as alleged negligence was not proximate cause of plaintiff's damages]).

[* 6]

### D. Nuisance claim

The Court of Appeals has outlined the elements of a claim for nuisance as follows:

> [O]ne is subject to liability for a private nuisance if his conduct is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules for abnormally dangerous conditions or activities.

(*Copart Industries, Inc. v Consolidated Edison Co. of New York, Inc.*, 41 NY2d 564 [1977]). Another formulation of the elements of the common law cause of action for a private nuisance is: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, and (5) caused by another's conduct" (*61 W. 62 Owners Corp. v CGM EMP LLC*, 77 AD3d 330 [1st Dept 2010]). Not every annoyance constitutes a nuisance, and a nuisance requires a continuous invasion of rights (*Domen Holding Co. v Aranovich*, 1 NY3d 117 [2003]).

Plaintiff's pleading does not sufficiently allege that defendants' renovations of their premises were "unreasonable in character," as it is undisputed that defendants had the right to do so (*see 22 Irving Pl. Corp. v 30 Irving LLC*, 57 Misc3d 253 [Sup Ct, New York County 2017] [dismissing nuisance claim based on construction of sidewalk bridge, as bridge was required by law and for public safety, and thus could not be deemed unreasonable]; *see also Howard v Reserve at Spaulding Green*, 225 AD3d 1232 [4th Dept 2024] [nuisance claim dismissed where plaintiffs alleged that defendant's construction of new home ruined plaintiffs' view from home and blocked sunlight]; *Harris v Miranda*, 219 AD3d 1498 [2d Dept 2023] [plaintiff did not show that excessive noise coming from neighbor's parties was unreasonable in character]; *Langan v Bellinger*, 203 AD2d 857 [3d Dept 1994] [plaintiff did not sufficiently allege that church's playing of church bells was unreasonable in character]).

[* 7]

Moreover, to the extent that the renovations caused noise which bothered plaintiff, a nuisance claim based on noise is generally sustained when other issues are present, such as construction debris or property damage or when the noise exceeds permitted sound levels, none of which is alleged by plaintiff here (*see e.g., Reade v Reva Holding Corp.*, 30 AD3d 229 [1st Dept 2006] [plaintiff stated claim for nuisance based on allegations that objectional conduct was recurring and included leaks to premises and, at least twice, water pipes freezing and bursting]; *61 W. 62*, 77 AD3d at 334 [rooftop bar exceeded noise ordinance intentionally and in furtherance of own commercial purposes]; *Koretz v 363 East 76th Street Corp.*, 178 AD3d 445 [1st Dept 2019] [dust, debris, vermin and ramp blockage, in addition to construction noise, requiring tenant to vacate for two weeks]).

For these reasons, plaintiff fails to state a nuisance claim.

### E. Breach of the Covenant of Quiet Enjoyment claim

A claim of the breach of the covenant of quiet enjoyment requires that the plaintiff has been evicted, either actually or constructively, which requires abandonment of the premises (*Duane Reade*, 30 AD3d at 237). Other than leaving the premises for two days to stay at a hotel, plaintiff does not allege that he was constructively evicted or that he abandoned the premises, and thus fails to state a claim for breach of the covenant of quiet enjoyment.

### F. Any remaining claims

Plaintiff has withdrawn his claims for prima facie tort and intentional infliction of emotional distress. While plaintiff cannot "reserve" the right to assert a future claim, he may move for leave to amend, if and when necessary.

Plaintiff also has failed to oppose dismissal of his claims for injunctive relief and punitive damages, as such they are dismissed.

[* 8]

CONCLUSION

Accordingly, it is hereby

ORDERED, that defendants' motion to dismiss is denied as to plaintiffs' claim for trespass, but is granted as to all of the other claims, which are severed and dismissed, and the clerk is directed to enter judgment accordingly; it is further

ORDERED, that as the remaining claim of trespass may only provide plaintiffs with nominal damages in this lawsuit, the parties are directed to contact Special Master Richard Swanson at rpswanson432@gmail.com or (212) 788-0783 in order to schedule a settlement conference with him; and it is further

ORDERED, that if the settlement conference is not successful, the parties may contact the court to obtain a schedule for defendants to file their answer and for a preliminary conference thereafter.

2025011616184 DBCOHEN7A2455 8F406F4 56B0BCE6996C 8FB8A

| | | |
|---|---|---|
| **1/16/2025** | | **DAVID B. COHEN, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 9]